UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DRYWALL TAPERS AND )
POINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS and )
THE DISTRICT COUNCIL NO. 9, DRYWALL TAPERS AND )
POINTERS OF GREATER NEW YORK LOCAL UNION 1974, )
AFFILIATED WITH INTERNATIONAL UNION OF )
PAINTERS AND ALLIED TRADES, AFL-CIO, )
                                                                    ) Index No.: 20-CIV-1643 (AJN)
                                                                    )
                             Plaintiffs, ) AFFIRMATION FOR
       -against- ) JUDGMENT BY DEFAULT
                                                                    )
PLUS K CONSTRUCTION INC., )
                                                                    )
                             Defendant. )

---

STATE OF NEW YORK      )
                             ) ss.:
COUNTY OF WESTCHESTER  )

Lauren M. Kugielska, Esq., being duly sworn, deposes and says:

    1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino & Shepherd LLP as the attorneys of record for the Plaintiffs, Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (hereinafter referred to as the "Funds") and the District Council No. 9, Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Painters and Allied Trades, AFL-CIO (hereinafter referred to as the "Union") or (collectively referred to as the "Plaintiffs") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affirmation in support of Plaintiffs' Entry of Default and Judgment.

    2. Plaintiff Funds are jointly administered, multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA, 29 U.S.C. Sections 1002 (21)A and 1132(a)(3) and within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29U.S.C. Sections 3(37) and 515 of ERISA 29 U.S.C. 1002(37) and 1145.  The Funds are established and maintained

pursuant to the terms of various collective bargaining agreements and Trust Indentures in accordance with 302(c)(5)(1) of the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

4. Defendant, Plus K Construction Inc. (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185 and is not an infant or incompetent.

5. This is an action brought by the Funds to require the Employer to remit to the Funds those reports and fringe benefit contributions due and owing pursuant to the Union's Trade Agreement and in accordance with the Funds' Collection Policy in the minimum amount of $4,533.78 for the period of September 23, 2016 and September 30, 2018. A true and correct copy of the Trade Agreement is attached hereto as Exhibit "A". *See* Exhibit "A," Article XX. A true and correct copy of the Funds' Policy for the Collection of Delinquent Contributions (the "Collection Policy") is attached hereto as Exhibit "B." *See* Exhibit "B," Section 2.

6. The Defendant is bound by the terms of the Trade Agreement by virtue of being a signatory to a certain project labor agreement (the "PLA"), pursuant to which the Employer utilized Union labor. A true and correct copy of the PLA and the Employer's signatory page to the PLA is attached hereto as Exhibit "C." *See* Exhibit "C," signatory page, paragraph (2) ("[the] [Employer] [a]grees to be bound to the legally established collective bargaining agreements and local trust agreements as set forth in the

Project Labor Agreement and this Agreement . . .") & Exhibit "C," the PLA, Section 4 ("Supremacy Clause") ("This [PLA] Agreement, together with the local Collective Bargaining Agreements appended hereto as Schedule A, represents the complete understanding of all signatories . . ."), Schedule A (listing and referencing the Union's Trade Agreement.). Employers, such as the Defendant, who are bound to the terms of the Trade Agreement, are bound to the terms of the Collection Policy. *See* Exhibit "A," Article XX, Section 7(d).

7. This action was commenced on February 25, 2020 by the filing of a Summons and Complaint. The Summons and Complaint was served upon the Employer on February 27, 2020 via New York's Secretary of State.

8. The Proof of Service was filed with the Clerk of this Honorable Court on March 2, 2020. True and correct copies of the Summons, Complaint, and Proof of Service thereof are annexed hereto collectively as Exhibit "D".

9. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

10. A party's default is deemed to constitute an admission of all the well-pleaded allegations in the Complaint pertaining to liability. *See Greyhound Inc. v. E.L.U.L. Realty Corp.*, 973 F. 2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971).

11. As set forth in the Complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185) and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

12. The Employer as party to the Agreement is required to remit to the Plaintiffs' Funds benefit contributions and reports in a timely fashion. *See* Exhibit "A," Article XX; Exhibit "B," Section 2. If the Employer fails to remit the contributions, then the Employer is liable for the additional amount of statutory damages, together with attorneys' fees, auditors' fees, interest on the unpaid principal assessed at 5.25% per annum from the date the contributions were due to the date of the audit findings, liquidated damages equivalent to 10% of the total amount of contributions, costs and disbursements incurred in the action pursuant to the terms of the Agreement and the Collection Policy and in accordance with Section 502 of ERISA, 29 U.S.C. Section 1132. *See* Exhibit "A," Article XX & Exhibit "B," Section 5; 29 U.S.C. Section 1132.

13. As alleged in the Complaint and pursuant to ERISA Section 515, 29 U.S.C. Section 1145 every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement. This provision of ERISA creates a separate Federal cause of action over and above the contract law of action on which the Employer's obligation to contribute is based. *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310 (2d Cir.), *cert denied*, 498 U.S. 982 (1990).

14. The Employer has failed to remit to the Funds those fringe benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures in the amount of $4,533.78 for the period of September 23, 2016 through September 30, 2018, pursuant to an audit of the Employer's books and records that was conducted by the Funds, and is liable for the stated delinquency contribution amount in addition to attorneys' fees in the amount of $3,225.00, auditors' fees in the amount of $700.00, interest on the unpaid principal in the amount of $59.50, liquidated damages in the amount of $906.76, and court costs and disbursements in the amount of $470.00, pursuant to the terms of the

Agreement and the Collection Policy and in accordance with Section 502 of ERISA 29 U.S.C. Section 1132.  A true and correct copy of the Funds' demand letter, which contains the details for the calculations for the principal delinquency contribution amount, auditors' fees, interest on the unpaid principal and liquidated damages is attached hereto as Exhibit "E."[1] *See* Exhibit "E;" *see also* ¶ 12, *supra*, *citing* Exhibit "A," Section XX & Exhibit "B," Section 5; 29 U.S.C. Section 1132.

15. The Statement of Damages provides the principal amount of delinquent benefit contributions for the period September 23, 2016 through September 30, 2018, interest calculated at 5.25 % per annum through to December 31, 2018, liquidated damages calculated at 10% of the principal amount, auditors' costs, attorneys' fees and court costs and disbursements, and is in accordance with the Trade Agreement, the Funds' Collection Policy and Section 502 of ERISA, 29 U.S.C. Sec. 1132.

16. The facts in this action are indisputable and there is no genuine issue as to any material fact. At all times relevant hereto, the Employer was party to an Agreement with the Union obligating the Employer to pay trust fund contributions to the Funds for all work performed within the jurisdiction of the Union with the fringe benefit rates set forth in the Agreement.  The Employer clearly breached the Agreement and violated ERISA by failing to submit benefit fund contributions for all work performed by its bargaining unit employees for the period of September 23, 2016 through September 30, 2018.

17. The amounts set forth in the Statement of Damages are justly due and owing and no part thereof have been paid to the Funds.  The amount of costs set forth therein consists of the following items and amounts.

    (a)  Filing Fee paid to the Clerk of the Court of the S.D.N.Y.    $400.00

    (b)  Statutory fee paid to the NYS Secretary of State in
connection with service upon the Employer    $ 70.00

---

[1] Details for the calculations for court costs and disbursements and attorneys' fees are included in ¶¶ 17, 21-23, *infra*.

                              Total:      $470.00

A true and correct copy of proof of the costs and disbursements in this matter is attached hereto as Exhibit "F."

    18. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

    19. The party against whom judgment is sought is not an infant, in the military service or an incompetent person.

    20. No prior request has been made for the relief sought herein.

    21. Your affirmant was admitted to this Court in 2014; My firm has been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than twenty (20) years. During the course of this case, I acted as lead counsel with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour. The attorneys' fees sought on this application are 12.9 hours @ $250.00 per hour = $3,225.00. This rate and fee are reasonable and justified given the circumstances of this matter.

    22. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $3,225.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

    23. A summary of the total hours spent on various tasks by your affirmant are as follows:

| | | |
|---|---|---|
| February 24, 2020 | Researched Employer w/ the NYS Dep't of State in preparation for filing Summons and Complaint. | 0.3 hours |
| February 25, 2020 | Reviewed client statements, prepared Complaint, Civil Cover Sheet & Summons | 2.0 hours |

| Date | Description | Hours |
|---|---|---|
| February 25, 2020 | Prepared and electronically filed Rule 7.1 Corporate Disclosure Statement with the Court. | 0.6 hours |
| February 25, 2020 | Finalized and electronically filed Complaint, Civil Cover Sheet and Proposed Summons with the Court. | 3.0 hours |
| February 26, 2020 | Advised by Court that a Summons was issued. Forwarded a copy of the Summons and Complaint to process server in preparation for serving Defendant. | 0.3 hours |
| February 26, 2020 | Received/reviewed case opening assignment notice. Reviewed assigned Judge's Individual Rules in preparation for case filings, submissions, etc.. | 0.4 hours |
| March 2, 2020 | Prepared and electronically filed with the Court Affidavit of Service. | 0.6 hours |
| March 3, 2020 | Received/reviewed Court Order, re: initial pretrial conference. | 0.2 hours |
| April 14, 2020 | Prepared/electronically filed letter motion, re: initial pretrial conference. | 0.6 hours |
| April 21, 2020 | Received/reviewed Court Order, re: letter motion, re: initial pretrial conference. | 0.3 hours |
| April 27, 2020 | Prepared and electronically filed with Court a Proposed Clerk's Certificate of Default and an Affirmation in Support of Clerk's Certificate. | 0.6 hours |
| April 28, 2020 | Prepared and filed Affirmation of Default, Statement of Damages, Motion for Entry of Judgment, and Default Judgment | 4.0 hours |
| | | 12.9 hours |

24. As a result of Defendant's default, Plaintiffs are entitled to damages as follows: judgment for unpaid contributions owed for the period September 23, 2016 through September 30, 2018 ($4,533.78); interest at a rate of 5.25% per annum of the principal amount due ($59.50); liquidated damages calculated at 10% of the principal amount due ($906.76); auditors' fees ($700.00); attorneys' fees ($3,225.00); and court costs and disbursements ($470.00) pursuant to the Agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

**WHEREFORE,** Plaintiffs request the entry of Default and entry of the annexed Judgment against Defendant in the total amount of $9,895.04.

Dated: Elmsford, New York
April 28, 2020

                                          BARNES, IACCARINO & SHEPHERD LLP

                                          By: */s/ Lauren M. Kugielska*
                                              Lauren M. Kugielska, Esq.
                                              *Attorneys for Plaintiffs*
                                              258 Saw Mill River Road
                                              Elmsford, NY 10523
                                              (914) 592-1515